1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

RICHARD M. CASS,

                    Plaintiff,

        v.

CAROLYN W COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. 3:16-CV-05021-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

14

15      Plaintiff Richard M. Cass filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

16  review of Defendant's denial of his application for supplemental security income ("SSI").

17  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the

18  parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 6.

19      After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

20  erred when he failed to provide specific and legitimate reasons supported by substantial evidence

21  for giving limited weight to the medical opinion of Dr. Rogelio Zaragoza, M.D. Had the ALJ

22  properly considered Dr. Zaragoza's opinion, the residual functional capacity may have included

23  additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1  remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social

2  Security ("Commissioner") for further proceedings.

3                    FACTUAL AND PROCEDURAL HISTORY

4        On November 5, 2002, Plaintiff was found disabled as of August 1, 2002. *See* Dkt. 7,

5  Administrative Record ("AR") 12. On April 19, 2010, the Commissioner determined Plaintiff

6  was no longer disabled. *Id.* The Commissioner's determination was upheld upon reconsideration.

7  *Id.* A hearing was held before ALJ David Johnson on February 5, 2014. *See* AR 31-56. In a

8  decision dated March 28, 2014, the ALJ determined Plaintiff's disability ended on April 1, 2010

9  and found Plaintiff has not become disabled since that date. *See* AR 12-26. Plaintiff's request for

10 review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the

11 final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

12       In Plaintiff's Opening Brief, Plaintiff maintains the ALJ committed harmful error by

13 failing to give proper weight to the opinion of examining psychiatrist Dr. Rogelio Zaragoza,

14 M.D. Dkt. 9, p. 1.

15                        STANDARD OF REVIEW

16       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17 social security benefits if the ALJ's findings are based on legal error or not supported by

18 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19 Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20                             DISCUSSION

21  **I.     Whether the ALJ erred in rejecting the medical opinion of Dr. Rogelio
            Zaragoza, M.D.**

22

23       Plaintiff contends the ALJ erred in his evaluation of the opinion evidence submitted by

24 examining psychiatrist Dr. Rogelio Zaragoza, M.D. Dkt. 9, pp. 2-6.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1    The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

2  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

3  1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

4  502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

5  opinion can be rejected "for specific and legitimate reasons that are supported by substantial

6  evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

7  1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

8  accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

9  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

10  F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

11    A.  Dr. Zaragoza's Findings

12    On March 6, 2010, Dr. Zaragoza completed an evaluation of Plaintiff's mental

13  limitations. *See* AR 246-49.  Dr. Zaragoza interviewed and observed Plaintiff, and conducted a

14  mental status examination ("MSE") of Plaintiff. *See* AR 246-49. After completing the

15  evaluation, Dr. Zaragoza diagnosed Plaintiff with major depressive disorder with psychotic

16  features and scoliosis. AR 248. Dr. Zaragoza found Plaintiff's "problem is treatable" and his

17  "likelihood of recovery is fair." AR 248. He opined Plaintiff is capable of: managing his own

18  funds, performing simple and repetitive tasks and detailed and complex tasks, accepting

19  instruction from supervisors, and interacting with coworkers and the public. AR 249. Dr.

20  Zaragoza found Plaintiff unable to: maintain regular attendance in the workplace, complete a

21  normal workday or workweek without interruptions from his psychiatric condition, and deal with

22  usual work related stress at this time. AR 249. He also opined Plaintiff's depressive symptoms

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1  appear to impair his ability to perform work activities on a consistent basis. AR 249.  Dr.

2  Zaragoza noted Plaintiff was not currently on any medication. AR 249.

3       B.  ALJ's Findings

4       After discussing Dr. Zaragoza's opinion, the ALJ found:

5           (1) Dr. Zaragoza's opinions regarding the claimant's mental
            functional limitations are inconsistent with the opinions of other
6           medical experts including Drs. Moreno and Fisher, both of whom
            found that the claimant would be able to tolerate the stressors of
7           basic work activities despite his impairments. (2) Dr. Zaragoza did
            not have the opportunity to review subsequent treatment records,
8           which indicate that the claimant was feeling significantly better,
            and was interested in pursuing additional social activities. (3) He
9           was also not aware of the role of substance abuse in the claimant's
            limitations. (4) Further, Dr. Zaragoza noted the claimant was not
10          taking any medication at the time of the examination. Accordingly,
            the undersigned affords some limited weight to this opinion, but
11          finds that Dr. Zaragoza's opinion is more restrictive than is
            warranted by the evidence considered as a whole.
12
    AR 24 (numbering added).
13
14       First, the ALJ found Dr. Zaragoza's opinion was inconsistent with the opinions of Drs.

15  Moreno and Fisher. AR 24. The ALJ did not explain why the opinions of Drs. Moreno and

16  Fisher are more persuasive than Dr. Zaragoza's opinion. *See* AR 24. The ALJ only stated Drs.

17  Moreno and Fisher reached a different conclusion regarding Plaintiff's ability to tolerate work

18  related stressors. *See* AR 24. As stated above, when a treating or examining physician's opinion

19  is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported

20  by substantial evidence in the record." *Lester*, 81 F.3d at 830-31. The fact Dr. Zaragoza's

21  opinion is inconsistent with two other opinions in the record shifts the standard of review for

22  giving less weight to Dr. Zaragoza's opinion from clear and convincing to specific and legitimate

23  reasons, but does not eliminate the need for the ALJ to provide a proper reason to reject his

24  opinion. Accordingly, the ALJ's first reason for giving limited weight to Dr. Zaragoza's opinion

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1   is not legitimate.[1] *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs

2   when he rejects a medical opinion or assigns it little weight when asserting without explanation

3   another medical opinion is more persuasive).

4       Second, the ALJ gave limited weight to Dr. Zaragoza's opinion because Dr. Zaragoza did

5   not have an opportunity to review subsequent treatment records indicating Plaintiff was feeling

6   significantly better and was interested in pursuing additional social activities. AR 24.  The ALJ

7   did not to explain why Dr. Zaragoza's failure to review subsequent records discredits his

8   opinion. *See* AR 24. Dr. Zaragoza did not find Plaintiff had social limitations. For example, Dr.

9   Zaragoza opined Plaintiff can accept instructions from supervisors and interact with coworkers

10  and the public. *See* AR 249. Thus, it is unclear why subsequent treatment notes showing

11  Plaintiff was feeling better and interested in pursuing additional social activities discredits Dr.

12  Zaragoza's opinion.

13      Further, Dr. Zaragoza relied on his own observations, results from the MSE he

14  administered, and Plaintiff's reported mental health history and subjective complaints to reach

15  his opinion of Plaintiff's functional limitations. AR 246-49. Defendant does not cite, nor does

16  the Court find, authority holding an examining physician's failure to supplement his own

17  examination and observations with additional records is, alone, a specific and legitimate reason

18  to give less weight to the opinion. *See* Dkt. 10. Accordingly, the Court finds the ALJ's second

19  reason for giving limited weight to Dr. Zaragoza's opinion is not specific and legitimate and

20  supported by substantial evidence.

21

22

23      [1] The Court also notes Dr. Moreno performed a physical evaluation of Plaintiff, recommending Plaintiff
    undergo a mental health evaluation and deferring to the mental health assessment regarding Plaintiff's bi-polar
    disorder. AR 360. Thus, the ALJ's reliance on Dr. Moreno's opinion regarding mental health limitations is not
24  supported by substantial evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1        Third, the ALJ gave limited weight to Dr. Zaragoza's opinion because Dr. Zaragoza

2   was not aware of the role of substance abuse in Plaintiff's limitations. AR 24. The record shows

3   Plaintiff has a history of substance abuse. *See* AR 39-41, 47-50 (Plaintiff's testimony regarding

4   his drug and alcohol use, including court-ordered treatment). During his evaluation with Dr.

5   Zaragoza, Plaintiff denied abusing drugs or alcohol and admitted to drinking beer occasionally,

6   once or twice a month. AR 247. Therefore, Plaintiff was not honest with Dr. Zaragoza regarding

7   his substance abuse. However, under "Review of Records," Dr. Zaragoza stated he reviewed

8   records as to the "allegation of affective disorder, substance addiction and back." AR 246. Thus,

9   the record indicates Dr. Zaragoza reviewed records regarding Plaintiff's substance abuse and was

10  aware of Plaintiff's substance abuse when he opined to Plaintiff's functional limitations.

11       Additionally, the ALJ fails to explain why Dr. Zaragoza's alleged lack of knowledge

12  regarding Plaintiff's substance abuse impacts his opinion. *See* AR 24.  The ALJ did not find

13  Plaintiff's drug or alcohol abuse was a severe impairment, and thus, the ALJ did not find

14  Plaintiff's use of drugs or alcohol impacted his ability to work. *See* AR 13. Further, the record

15  shows Plaintiff had discontinued his drug and alcohol abuse and demonstrated no current

16  evidence of associated limitations. *See* AR 22, 315, 369. As there is no evidence of any

17  limitations associated with Plaintiff's history of drug and alcohol abuse, it is unclear why the

18  ALJ gave less weight to Dr. Zaragoza because Dr. Zaragoza was allegedly unaware of Plaintiff's

19  history of drug and alcohol abuse. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)

20  ("We require the ALJ to build an accurate and logical bridge from the evidence to her

21  conclusions so that we may afford the claimant meaningful review of the SSA's ultimate

22  findings.").

23

24

1    As the record shows Dr. Zaragoza was aware of Plaintiff's substance abuse and as the

2    ALJ failed to properly explain the significance of Dr. Zaragoza's alleged lack of knowledge

3    regarding Plaintiff's drug and alcohol abuse, the Court finds the ALJ's third reason for giving

4    limited weight to Dr. Zaragoza's opinion is not supported by substantial evidence.

5    Fourth, the ALJ gave Dr. Zaragoza's opinion limited weight because Dr. Zaragoza noted

6    Plaintiff was not taking any medication at the time of the examination. AR 24. The ALJ,

7    however, fails to explain why the fact Plaintiff was not taking medications detracts from Dr.

8    Zaragoza's credibility. *See* AR 24. Moreover, the record does not support finding Plaintiff's

9    functional limitations are improved with medication. In finding Plaintiff lacked credibility, the

10   ALJ stated "it does appear that medications and treatment improve [Plaintiff's] condition"

11   because the consultative examiners expected his condition to improve with treatment. AR 20.

12   The record does not show the medical examiners found Plaintiff's conditions would improve

13   with medication. *See id.* Rather, the medical examiners noted Plaintiff may improve with

14   counseling. *See* AR 249 (Plaintiff's conditions should improve with treatment); 291

15   (recommending Plaintiff continue with intensive, consistent therapy); 347 (finding Plaintiff's

16   prognosis poor and finding he would benefit from counseling). Further, Plaintiff reported his

17   depression symptoms were the same with or without medications. AR 246. The record does not

18   support the ALJ's conclusion that Dr. Zaragoza's opinion should be given limited weight

19   because Plaintiff was not on medication at the time of the evaluation. Accordingly, the Court

20   finds the ALJ's fourth reason for giving limited weight to Dr. Zaragoza's opinion is not

21   supported by substantial evidence.

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1    For the above stated reasons, the Court concludes the ALJ failed to provide specific and

2   legitimate reasons supported by substantial evidence for giving limited weight to the opinion of

3   Dr. Zaragoza. Accordingly, the ALJ erred.[2]

4    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

5   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

6   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

7   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

8   F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

9   application of judgment" by the reviewing court, based on an examination of the record made

10  "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

11  1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

12    Had the ALJ properly considered Dr. Zaragoza's opinion, he may have included

13  additional limitations in the residual functional capacity assessment ("RFC") and in the

14  hypothetical questions posed to the vocational expert, Joseph Moisan. For example, Dr. Zaragoza

15  opined Plaintiff is unable to maintain regular attendance in the workplace, complete a normal

16  workday or workweek without interruptions from his psychiatric condition, or deal with usual

17  _____

18    [2] Defendant asserts the ALJ properly discounted Dr. Zaragoza's opinion because the opinion was based on
Plaintiff's subjective reports, which the ALJ properly rejected. Dkt. 11. The ALJ did not state he was giving limited
weight to Dr. Zaragoza's opinion because it was based on Plaintiff's subjective reports. *See* AR 24. The Court

19  cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v.
Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law
require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post*

20  *hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554
F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation

21  omitted)); *see also Molina*, 674 F.3d at 1121 ("we may not uphold an agency's decision on a ground not actually
relied on by the agency"). As the ALJ did not discredit Dr. Zaragoza's opinion because the opinion was based on

22  Plaintiff's subjective complaints, the Court cannot rely on this reason to affirm the ALJ's decision. The Court also
notes Dr. Zaragoza's opinion was based on his own observations, results from the MSE he administered, and

23  Plaintiff's reported mental health history and subjective complaints. *See* AR 246-49. Therefore, the Court finds Dr.
Zaragoza's opinion was not primarily based on Plaintiff's subjective reports of his symptoms. *See Ghanim v.
Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-

24  reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

1    work related stressors. AR 249.  The ALJ did not include any of these limitations in the RFC.

2    *See* AR 15. Thus, the ultimate disability determination may change if Dr. Zaragoza's limitations

3    are included in the RFC and in the hypothetical questions posed to the vocational expert.

4    Accordingly, the ALJ's error is not harmless and requires reversal.

5                                              CONCLUSION

6           Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

7    Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

8    this matter is remanded for further administrative proceedings in accordance with the findings

9    contained herein.

10          Dated this 14th day of June, 2016.

11

12                                                    _____
                                                      David W. Christel
                                                      United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9